```
            IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF SOUTH CAROLINA

                    SPARTANBURG DIVISION

United States of America,       )
                                )
                  vs.           )  7:22cr00842
                                )
Dequadry Kendrick Razor,        )
                                )
                  Defendant.    )  September 19, 2023
_____)


              TRANSCRIPT OF SENTENCING HEARING

        BEFORE THE HONORABLE HENRY M. HERLONG, JR.
     Senior United States District Judge, presiding


A P P E A R A N C E S:

For Government:             Christopher B. Schoen, Esquire
                            US Attorneys Office
                            55 Beattie Place, Suite 700
                            Greenville SC 29601

For Defendant:              Alexander R. Stalvey, Esquire
                            Bannister and Wyatt
                            P.O. Box 10007
                            Greenville, SC  29603




          Teresa B. Johnson, CVR-M-CM, RVR, RVR-M
             U.S. District Court Reporter
          250 East North Street, Room 3401
                Greenville, SC 29601

Proceeding recorded by stenomask, transcript produced by
computer-aided software.
```

```
 1                     P R O C E E D I N G S
 2          (The Court goes on record at 10:40 a.m.)
 3               THE COURT:  Be seated.
 4               THE COURTROOM DEPUTY:  May it please the Court.  The
 5     next case before the Court is Case No. 7:22-842, USA versus
 6     Dequadry Kendrick Razor, attorney Alex -- attorney Alex Stalvey
 7     appearing for the defendant, and Chris Schoen appearing for the
 8     government.
 9               Sir, please stand and raise your right hand.
10               THE DEFENDANT:  (Complies.)
11               THE COURTROOM DEPUTY:  Do you solemnly swear or
12     affirm that the answers you give to the questions propounded by
13     the Court shall be the truth, the whole truth, and nothing but
14     the truth, so help you God?
15               THE DEFENDANT:  Yes, ma'am.
16               THE COURT:  Mr. Razor, have you had enough time to
17     discuss this matter with your attorney?
18               THE DEFENDANT:  Yes, Your Honor.
19               THE COURT:  And are you satisfied thus far with the
20     representation of your attorney?
21               THE DEFENDANT:  Yes, Your Honor.
22               THE COURT:  Do you have any complaints of your
23     attorney or anyone else in connection with this case?
24               THE DEFENDANT:  No, Your Honor.
25               THE COURT:  Have you and your attorney thoroughly
```

```
 1  reviewed the presentence report?
 2          THE DEFENDANT:  Yes, Your Honor.
 3          THE COURT:  Are there any objections to anything in
 4  the report?
 5          MR. STALVEY:  No, sir, Your Honor.  I -- I filed a
 6  few objections, but we are withdrawing those today.
 7          THE COURT:  Mr. Razor, do you have any objections to
 8  anything in the presentence report?
 9          THE DEFENDANT:  No, Your Honor.
10          THE COURT:  The Court hearing that there are no
11  objections and the Court having reviewed the report, the Court
12  will adopt the findings, including the guideline calculations
13  contained in the report.  The Court will accept the guidelines
14  as advisory only.
15          Count 4 provides for a sentence of not more than five
16  years; Count 5, 10 years consecutive to all other counts;
17  Count 7, five years consecutive to all other counts; and Counts
18  8 and 9, not more than 20 years.
19          He has a total offense level of 24.  The guideline
20  range as it applies to Counts 4, 8, and 9.  And a criminal
21  history -- excuse me.  He has a total offense level of 24, a
22  criminal history category of I.  As to Counts 4, 8, and 9, the
23  guideline range is 51 to 63 months' imprisonment.  Count 5
24  statutorily requires a 10-year consecutive sentence.  And Count
25  7 statutorily requires a five-year consecutive sentence.  The
```

1    guidelines provide for 2 to 5 years' supervised release.
2             He does not have the financial ability to pay a fine.
3    The special assessment is $100 for each count, for a total of
4    $500.
5             For sentencing, I'll hear from you at this time.
6             **MR. STALVEY:**  Thank you, Your Honor.  May it please
7    the Court.
8             Mr. Razor is 21 years old, Judge.  He grew up in
9    Columbia, attended Lower Richland High School there.  His
10   family lives in Columbia.  His mother lives there.  She could
11   not be here today; however, his girlfriend, Amber Cooper, is
12   here today in support of Mr. Razor.
13            Judge, he made a terrible mistake.  And he
14   understands that the mistake he made is going to result in him
15   spending the next 19 to 20 years in federal prison.
16            Judge, as I said, he's 21.  I'd ask for the Court to
17   sentence him towards the lower end of the guidelines, which the
18   guidelines are between a little over 19 years and a little over
19   20 years.  So, Your Honor, the guidelines are -- are
20   appropriate in this matter.  It was a serious offense.
21            He understands the danger that was created by his
22   actions.  He accepts responsibility for his actions.  This was
23   a fairly quick plea after reviewing the discovery.  Certainly
24   apologetic and remorseful for what he did.
25            So, Judge, I -- the only thing I'd ask you to

1  consider as far as his prior record is he has no previous
2  criminal convictions. He -- this was part of a -- a pattern.
3  It was a short-term pattern, but involved a serious mistake.
4  And he's going to face some serious consequences today. He's
5  going to spend, you know, his twenties and thirties in prison.
6  And he won't get out until he's 40. So that's -- has a
7  significant impact on him, Judge.
8           **THE COURT:** But like I said, no prior convictions. This will be
9  his first time ever been convicted of anything, first time ever
10 going to prison. So I'd ask the Court to take that into
11 consideration. Thank you.
12          **THE COURT:** Mr. Razor?
13          **THE DEFENDANT:** Yes, Your Honor.
14          **THE COURT:** At this time, if there's anything you
15 care to say to the Court, I will hear from you at this time.
16          **THE DEFENDANT:** I just want to apologize for my
17 actions. I admit I was wrong for what I done. And I'm
18 prepared to face the consequences for the things that I've
19 done. I just ask for forgiveness for what I've done. I look
20 to move forward after this is all over with.
21          **THE COURT:** How old are you?
22          **THE DEFENDANT:** 21.
23          **THE COURT:** What's the longest job you ever held?
24          **THE DEFENDANT:** The time I was out on bond.
25          **THE COURT:** The longest job that you ever held.

```
 1                THE DEFENDANT:  Three months.  You said the job?
 2                THE COURT:  What is the longest employment, if any,
 3   that you've had in your life?
 4                THE DEFENDANT:  I worked at Lineage Frozen Food.
 5                THE COURT:  How long?
 6                THE DEFENDANT:  Two months.
 7                THE COURT:  And you're how old?
 8                THE DEFENDANT:  21.
 9                THE COURT:  So other than a couple of months of
10   employment, you were just a gangster?
11                THE DEFENDANT:  No, Your Honor.
12                THE COURT:  Pardon?
13                THE DEFENDANT:  No, Your Honor.
14                THE COURT:  What were you?
15                THE DEFENDANT:  I don't know.
16                THE COURT:  What'd you live on?
17                THE DEFENDANT:  Day to day.
18                THE COURT:  Can't say?  You were a drug dealer,
19   right?
20                THE DEFENDANT:  No, Your Honor.
21                THE COURT:  Well, the record speaks for itself.
22           As far as the counts composing the guideline range
23   51 to 63 months, he -- he was in a public -- during the
24   daytime, public parking garage.  Shot an individual.  Could
25   have hit an -- innocent persons there.  Unfortunate that he
```

1  didn't.  So a high end of the guideline range in that respect
2  is appropriate.  And otherwise these consecutive sentences come
3  in for consideration.
4          It is, therefore, the sentence of the Court --
5  sentence of the Court -- the Court has considered the statutory
6  sentencing factors in 18 U.S.C. Section 3553(a).  And it is the
7  judgment of the Court that the defendant is hereby committed to
8  the custody of the Bureau of Prisons to be imprisoned for a
9  term of 240 months.  This term consists of 60 months as to
10 Counts 4, 8, and 9; 120 months as to Count 5 to run consecutive
11 to all other counts; and 60 months as to Count 7 to run
12 consecutive to all other counts; and pay a 100-dollar special
13 assessment fee for each count, for a total $500, which is due
14 immediately.
15         He's then placed on supervised release for a term of
16 five years.  This term consists of two years as to Count 4,
17 five years as to Counts 5 and 7, and three years as to Counts 8
18 and 9; all such term -- terms to run concurrently.
19         While on supervised release, he shall comply with the
20 mandatory conditions of supervision outlined in 3583(d) and
21 5D1.3(a) and the standard conditions outlined in 5D1.3(c) as
22 noted -- noted in paragraphs 110 and 113 of the presentence
23 report.  One through nine serve the statutory sentencing
24 purposes of public protection and rehabilitation.  Standard
25 Conditions 10 and 12 serve the statutory sentencing for purpose

1  of public protection.  Standard Conditions of Supervision 11
2  ensures that the defendant does not engage in activities that
3  may -- that may potentially conflict with the other conditions
4  and that may pose risk to the defendant's probation officer.
5  　　　　　The defendant shall also comply with the following
6  special conditions for the reasons set forth in the presentence
7  report, which has previously been adopted by the Court as the
8  findings of fact for the purposes of sentencing with a special
9  condition that he must submit to substance abuse testing to
10 determine if he has ever -- if he has used a prohibited
11 substance.  He must contribute to the cost of the program, not
12 to exceed the amount determined reasonable by the
13 court-approved probation office's "Sliding Scale for Services."
14 　　　　　I do believe I've calculated the advisory guideline
15 range properly and correctly addressed the points raised by the
16 parties.  If ever it is determined that I've not, I will state
17 for the record:  I would have imposed the same sentence as an
18 alternate variant sentence in light of all the 3553(a) factors
19 and in light of the totality of the circumstances.
20 　　　　　Mr. Razor, you have the right to appeal this
21 sentence; however, you have an appellate waiver in your plea
22 agreement, which may limit the grounds on which you may appeal.
23 That's all.  Thank you.
24 　　　　　**MR. STALVEY:**  Thank you, Your Honor.
25 　　　　　**MR. SCHOEN:**  Your Honor, there is a preliminary order

```
 1   of forfeiture that we filed.  We'd ask that be incorporated
 2   into the judgment.
 3              THE COURT:  It is so ordered.
 4              MR. SCHOEN:  Thank you.
 5         (Proceedings end at 10:52 a.m.)
 6                         *********
 7                     C E R T I F I C A T E
 8      I certify that the foregoing is a correct transcript from
 9   the record of proceedings in the above-entitled matter.
10
11    /s/Teresa B. Johnson                        07/23/2024
12   Teresa B. Johnson, CVR-M-CM, RVR, RVR-M         Date
```